UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09–10017-CR-MOORE/TORRES

UNITED STATES OF AMERICA,

    Plaintiff,

v.

YENG LANG,

    Defendant.
_____/

REPORT AND RECOMMENDATION ON
PETITION FOR REVOCATION OF SUPERVISED RELEASE

This matter is before the Court on the Government's Superseding Petition for Revocation of Supervised Release ("Petition") for Defendant Yeng Lang ("Defendant"). [D.E. 58].[1] The government alleges that Defendant violated conditions of his Supervised Release and requests that his term of Supervised Release be revoked. An evidentiary hearing was held on this matter on October 18, 2012. Having carefully considered the government's Petition, the testimony of the witnesses and the exhibits admitted into evidence at the hearing, and the oral arguments of counsel, and being fully advised in the premises, the Court finds that Defendant violated conditions of his supervised release and, accordingly, recommends that the Petition be Granted, and

---

[1] The Honorable K. Michael Moore referred this matter to the undersigned Magistrate Judge. [D.E. 52].

further recommends that Defendant's term of Supervised Release be revoked, for the reasons set forth below.

## I.   BACKGROUND

On July 6, 2009, Defendant pled guilty to one count of conspiracy to encourage and induce aliens to enter the United States in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I).  He was sentenced to 30 months in prison followed by 2 years of supervised release.  His term of supervision commenced on June 10, 2011.

On September 25, 2012, Probation Officer ("PO") Cora Bencomo prepared a Superceding Petition for Offender Under Supervision ("Petition") recommending that Defendant's term of supervision be revoked based on his violation of several conditions of supervised release.  *See* Govt. Ex. 1.  Specifically, the probation officer alleged that Defendant:

    1.    failed to notify her within 72 hours of his arrest on March 8, 2012 in Ft. Myers, Florida, in violation of Standard Condition of Supervision No. 11 (Violation No. 2);

    2.    left the Southern District of Florida – as evidenced by his March 8, 2012 arrest in Ft. Myers, a city that is situated in the Middle District of Florida – without first securing her permission, in violation of Standard Condition of Supervision No. 1 (Violation No. 3); and

3.      committed another offense on April 24, 2012, i.e., larceny/possession of an antishoplifting control device countermeasure which is a felony under Fla. Stat. § 812.015(7), in violation of a Mandatory Condition of Supervision (Violation No. 4).[2]

## II.    FINDINGS OF FACT

### A.    *March 8, 2012 Arrest in Ft. Myers*

Defendant was arrested on March 8, 2012 in Ft. Myers for possession of an antishoplifting control device countermeasure. According to Ft. Myers Police Officer Shoshana Chai, Defendant was seen inside the Edison Mall in Ft. Myers carrying what looked like an anti-theft device bag, or "booster bag."[3] When mall security personnel attempted to speak with Defendant, he fled toward the mall exit. When a police officer who had been alerted to Defendant's flight attempted to speak with Defendant, he threw down the bag and continued running away. He was apprehended shortly thereafter and arrested.

A bag made of aluminum foil and tape and a regular shopping bag were recovered. *See* Govt. Ex. 3 & 3A (shopping bag and anti-theft device bag). Officer Chai

---

[2] The government announced at the hearing that it would not proceed on Violation Nos. 1 and 5 which are based on Defendant's arrests on December 28, 2011 and September 5, 2012, respectively, for the commission of additional crimes within this judicial district. Accordingly, Violation Nos. 1 and 5 will be dismissed and are not relevant to our discussion here.

[3] A booster bag is constructed of layers of aluminum foil and tape and is designed to defeat anti-theft sensors that are placed on clothing and other merchandise inside stores. A booster bag is easily concealed inside a shopping bag. When merchandise bearing a sensor is stowed inside a booster bag and taken out of a store, the sensor is prevented from sending a signal to a machine that would alert store personnel to an ongoing theft.

tested the foil-and-tape bag immediately thereafter. She determined it was a booster bag after it successfully defeated the anti-theft sensor in one of the stores in the mall.

### B.    *April 24, 2012 Arrest in Palm Beach County*

On April 24, 2012, Defendant was again arrested for possession of an anti-theft device, this time in the Wellington Green Mall in Palm Beach County, Florida. Palm Beach County Police Officer Jeffrey Denney testified that he was in the mall security office watching surveillance videos when he observed Defendant enter a clothing store carrying a large plastic "Lane Bryant" shopping bag and looking around suspiciously as he talked on a cell phone. Based on his experience and the fact that there was no Lane Bryant store in the mall, the officer suspected that Defendant might be carrying an anti-theft device bag.

The officer left the security office and waited in the mall corridor until Defendant exited the store. The officer approached Defendant and, as they spoke, was able to see a booster bag inside the Lane Bryant bag that Defendant held. Defendant was then arrested for possession of an anti-theft device bag. The bag, which was not tested to determine whether it could defeat an anti-theft sensor, was made of layers of aluminum foil and tape and is virtually identical in appearance to the booster bag that Defendant carried in the Edison Mall in Ft. Myers one month earlier. *See* Govt. Ex. 8 (shopping bags,[4] booster bag, and two surveillance videos).

Later, Officer Denney reviewed mall surveillance videos and was able to observe Defendant's arrival at the mall earlier that day. Defendant and another person arrived

---

[4]    Defendant was actually carrying two Lane Bryant bags, one inside the other.

in a car which officers searched subsequent to Defendant's arrest. Multiple items of merchandise with price tags and anti-theft sensors still attached were recovered from inside the car.

### III.   ANALYSIS

#### A.   *Applicable Standard*

As previously noted, the government seeks to revoke Defendant's supervised release based on his alleged violation of three of the conditions of supervised release. A court may revoke a defendant's term of supervised release if it finds "by a preponderance of the evidence" that he violated a condition of supervised release. *See* 18 U.S.C. § 3583(e)(3). This standard is met if the court finds it "more likely than not" that the defendant violated a condition of supervised release. *See, e.g., United States v. Rodrigues*, No. 12-10603, 2012 WL 3892825, at * 1 (11th Cir. 2012) (affirming a revocation of supervised release; district court's finding that the defendant had violated his supervised release by committing grand theft was supported by the testimony of the victim and an officer who said they found missing restaurant equipment in the defendant's yard and inside his home). The reasons for revoking supervised release and the evidence the court relies upon should be either formalized in written findings or orally announced and recorded or transcribed. *See United States v. Copeland*, 20 F.3d 412, 414 (11th Cir. 1994).

#### B.   *Discussion*

We find that the government has met its burden of showing that Defendant violated the following three conditions of his supervised release.

1.  Violation Nos. 2 and 3

Violation Nos. 2 and 3 stem from the March 2012 arrest in Ft. Myers. Defendant's probation officer testified that Defendant did not obtain her permission to leave the Southern District of Florida, yet he was arrested in a city located within the Middle District of Florida. We find that the government has shown, by more than a preponderance of the evidence, that Defendant violated the condition of his supervised release that prohibits his leaving this judicial district without first securing the permission of his probation officer. The government clearly met its burden with respect to Violation No. 3.

PO Bencomo also testified that Defendant failed to notify her of his arrest in Ft. Myers within 72 hours of the incident. In fact, he did not report the arrest to her at all. The probation officer only became aware of the arrest after she conducted a routine records check on Defendant. *She* then contacted *him* about the incident. We find that the government has demonstrated, by a preponderance, that Defendant violated the condition of supervised release that requires him to notify his probation officer within 72 hours of being arrested. The government thus satisfied its burden with respect to Violation No. 2.

2.  Violation No. 4

Violation No. 4 stems from Defendant's arrest on April 24, 2012 for possession of an anti-theft device bag in the Wellington Green Mall. At the hearing, defense counsel argued that because the bag was never tested, the government failed to prove it was an illegal anti-theft device and not merely a bag constructed of aluminum foil

and tape. The government acknowledged there was no direct evidence on this point but argued that, circumstantially, it satisfied its burden of showing by a preponderance of the evidence that the bag was in fact an illegal booster bag.

We agree with the government. A district court may determine based on circumstantial evidence that a defendant on supervised release committed the offense with which he was charged by a preponderance of the evidence. *See, e.g., United States v. Rodriguez*, No. 11-15434, 2012 WL 2756074, at * 2 (11th Cir. 2012) (affirming revocation of supervised release based in part on circumstantial evidence; "properly considered circumstantial evidence was sufficient to support the court's conclusion that [the defendant] committed the crime of identity theft while on supervised release by a preponderance of the evidence."); *United States v. Gonzales*, 404 Fed. Appx. 406, 407 (11th Cir. 2010) (affirming revocation of supervised release based on the court's finding that the defendant intended to distribute the eight grams of cocaine found in his possession; "[i]ntent to distribute may be inferred from circumstantial evidence.").

Based on the evidence considered as a whole, we find it more likely than not that the bag found in Defendant's possession in the Wellington Green Mall was an illegal anti-theft device bag. The bag, constructed in such a unique manner out of an unusual combination of materials, is nearly identical in construction and shape to the bag he carried in another mall one month earlier, a bag that the arresting officer there proved was a booster bag. In the Wellington Green Mall, Defendant carried the foil-and-tape bag inside two Lane Bryant shopping bags where it could not be seen. The fact that Defendant was carrying Lane Bryant bags is itself somewhat suspicious as there is no

Lane Bryant store in the Wellington Green Mall. Finally, officers found stolen merchandise inside the car in which Defendant had arrived at the mall; some of the merchandise still had anti-theft sensors attached.

While there is nothing inherently illegal about a bag made of foil and tape, the facts before us – the similarity of the bags and the circumstances under which Defendant was found to possess them, one bag was proven to be a booster bag while the other was never tested, and tagged merchandise was discovered inside a car connected to Defendant after his arrest in the second incident – evidence by a preponderance that Defendant possessed an anti-theft device bag at the Wellington Green Mall.

Possession of such a device is prohibited by Fla. Stat. § 812.015(7).[5] Consequently, we find that Defendant violated the condition of supervised release that prohibits him from committing any additional crimes. The government thus satisfied its burden with respect to Violation No. 4.

Accordingly, the government has met its burden of proving that Defendant violated conditions of his supervised release as alleged in Violation Nos. 2, 3, and 4 of the Petition. Each violation supports a revocation of supervised release. Therefore, we recommend that the government's Petition to revoke Defendant's supervised release be granted.

---

[5] This provision makes it "unlawful to possess, or use or attempt to use, any antishoplifting or inventory control device countermeasure within any premises used for the retail purchase or sale of any merchandise." Fla. Stat. § 812.015(7). An "antishoplifting or inventory control device countermeasure" is defined as "any item or device which is designed, manufactured, modified, or altered to defeat any antishoplifting or inventory control device." Fla. Stat. § 812.015(1)(i).

### III.     CONCLUSION

Based on the foregoing, the undersigned Magistrate Judge hereby **RECOMMENDS** that the Government's Superseding Petition for Revocation of Supervised Release for Defendant Yeng Lang [**D.E. 58**] be **GRANTED** and that Defendant's Term of Supervised Release be **REVOKED** based on the undersigned's findings that the government proved Violation Nos. 2, 3, and 4 as alleged in the Superceding Petition.

Furthermore, Violation Nos. 1 and 5 of the Superceding Petition are **DISMISSED** as stated on the record at the hearing in this matter.

Pursuant to Local Magistrate Rule 4(b), the parties have fourteen (14) days from the date of this Report and Recommendation to serve and file written objections, if any, with the Honorable K. Michael Moore, United States District Judge.  Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the report and bar the parties from attacking on appeal the factual findings contained herein.  *R.T.C. v. Hallmark Builders, Inc.,* 996 F.2d 1144, 1149 (11th Cir. 1993); *LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. Unit B 1982) (en banc); 28 U.S.C. § 636(b)(1).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, this 23rd day of October, 2012.

　　　　　　　　　　　　　　　　　　　　　　　　 /s/ *Edwin G. Torres*
　　　　　　　　　　　　　　　　　　　　　　　　EDWIN G. TORRES
　　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge